IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LORENZO GREGGE, JR.,                    No. CIV S-09-2561-GEB-CMK-P

      Plaintiff,

   vs.                                  FINDINGS AND RECOMMENDATIONS

SUSAN HUBBARD, et al.,

      Defendants.

_____/

      Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. On August 22, 2011, the court authorized service of this action on defendants Hubbard, Cate, and Yates, and directed plaintiff to submit documents necessary for service by the United States Marshal. Among the documents required to be submitted were USM-285 forms completed with the names and addresses of each defendant. Plaintiff initially submitted documents on September 2, 2011. He failed, however, to provide the address for defendant Hubbard and, on November 2, 2011, the court advised plaintiff of the defect and re-directed him to submit completed forms to the court. Plaintiff re-submitted documents on November 28, 2011, and once again failed to provide the address for defendant Hubbard. Plaintiff was cautioned in both the August 22, 2011, and November 2, 2011, orders that failure to comply

1

could result in dismissal sanctions.  The court now recommends dismissal of defendant Hubbard for failure to comply with court rules and orders and for lack of prosecution pursuant to Eastern District of California Local Rule 110.

The court must weigh five factors before imposing the harsh sanction of dismissal.  See Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987).  Those factors are:  (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its own docket; (3) the risk of prejudice to opposing parties; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.  See id.; see also Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam).  A warning that the action may be dismissed as an appropriate sanction is considered a less drastic alternative sufficient to satisfy the last factor.  See Malone, 833 F.2d at 132-33 & n.1.  The sanction of dismissal for lack of prosecution is appropriate where there has been unreasonable delay.  See Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986).

Having considered these factors, the court finds that dismissal of defendant Hubbard is an appropriate sanction for plaintiff's failure to provide necessary information for service of process, as twice directed by the court.  By separate order the court will direct the United States Marshal to effect service on the remaining two defendants for whom plaintiff has provided necessary information.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

Based on the foregoing, the undersigned recommends that Hubbard be dismissed as a defendant to this action.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: December 16, 2011

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE