IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LORENZO GREGGE, JR., | No. 2:09-CV-2561-GEB-CMK-P |
| Plaintiff, | |
| vs. | FINDINGS AND RECOMMENDATIONS |
| MATTHEW KATE, et al., | |
| Defendants. | |
| _____ / | |

      Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the court is defendants' motion to dismiss (Doc. 41). Defendants argue, among other things, that plaintiff failed to exhaust administrative remedies prior to filing suit.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

1

# I. BACKGROUND

## A. Plaintiff's Allegations

Plaintiff alleges generally that defendants were deliberately indifferent to his health and safety, in violation of the Eighth Amendment. Specifically, he claims that he was exposed to and eventually contracted "Valley Fever" while at Pleasant Valley State Prison. As to defendant Kate, plaintiff alleges he is liable because "[h]e is legally responsible for the care, custody, treatment, training, discipline, and employment of inmates. . . ." As to defendant Yates, plaintiff claims that he is liable by virtue of his role as prison warden.

## B. Procedural History

On May 14, 2010, the court dismissed the complaint at the screening stage, concluding that plaintiff had not stated a claim for relief against the named supervisory defendants. Plaintiff appealed and the Ninth Circuit Court of Appeals reversed and remanded in an unpublished memorandum disposition issued on July 22, 2011. The court stated:

> Gregge's complaint, liberally construed, did not seek to allege a respondeat superior theory of liability. Rather, Gregge alleged that defendants implemented a policy that resulted in the denial of his constitutional rights. *See Redman v. Cnty. of San Diego*, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc) ("Supervisory liability exists even without overt personal participation in the offensive act if supervisory officials implement a policy so defective that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation." (citations and internal quotation marks omitted)). . . .

Following issuance of the mandate on August 15, 2011, the court directed service of the action on defendants.

# II. STANDARDS FOR MOTION TO DISMISS

A motion to dismiss based on a prisoner's failure to exhaust administrative remedies is properly the subject of an unenumerated motion under Federal Rule of Civil Procedure 12(b). See Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). "In deciding a motion to dismiss for failure to exhaust non-judicial remedies, the court may look beyond the

pleadings and decide disputed issues of fact." Id. at 1119-20. Where the court looks beyond the pleadings to a factual record in deciding the motion to dismiss, which is ". . . a procedure closely analogous to summary judgment," the court must assure that the plaintiff has fair notice of his opportunity to develop a record. Id. at 1120 n.14 (referencing the notice requirements outlined in Rand v. Rowland, 154 F.3d 952 (9th Cir. 1998) (en banc), and Klingele v. Eikenberry, 849 F.2d 409 (9th Cir. 1988). Defendants bear the burden of establishing that the plaintiff failed to exhaust administrative remedies prior to filing suit. See Wyatt, 315 F.3d at 1120. If the court concludes that administrative remedies have not been exhausted, the unexhausted claim should be dismissed without prejudice. See id. at 1120; see also Jones v. Bock, 127 S.Ct. 910 (2007).

### III. DISCUSSION

Prisoners seeking relief under § 1983 must exhaust all available administrative remedies prior to bringing suit. See 42 U.S.C. § 1997e(a). This requirement is mandatory regardless of the relief sought. See Booth v. Churner, 532 U.S. 731, 741 (2001) (overruling Rumbles v. Hill, 182 F.3d 1064 (9th Cir. 1999)). Because exhaustion must precede the filing of the complaint, compliance with § 1997e(a) is not achieved by exhausting administrative remedies while the lawsuit is pending. See McKinney v. Carey, 311 F.3d 1198, 1199 (9th Cir. 2002). The Supreme Court addressed the exhaustion requirement in Jones v. Bock, 549 U.S. 199 (2007), and held: (1) prisoners are not required to specially plead or demonstrate exhaustion in the complaint because lack of exhaustion is an affirmative defense which must be pleaded and proved by the defendants; (2) an individual named as a defendant does not necessarily need to be named in the grievance process for exhaustion to be considered adequate because the applicable procedural rules that a prisoner must follow are defined by the particular grievance process, not by the PLRA; and (3) the PLRA does not require dismissal of the entire complaint if only some, but not all, claims are unexhausted.

///

1         The Supreme Court also held in Woodford v. Ngo that, in order to exhaust administrative remedies, the prisoner must comply with all of the prison system's procedural rules so that the agency addresses the issues on the merits.  548 U.S. 81, 89-96 (2006).  Thus, exhaustion requires compliance with "deadlines and other critical procedural rules." Id. at 90. Partial compliance is not enough.  See id.  Substantively, the prisoner must submit a grievance which affords prison officials a full and fair opportunity to address the prisoner's claims.  See id. at 90, 93.  The Supreme Court noted that one of the results of proper exhaustion is to reduce the quantity of prisoner suits "because some prisoners are successful in the administrative process, and others are persuaded by the proceedings not to file an action in federal court." Id. at 94.

        A prison inmate in California satisfies the administrative exhaustion requirement by following the procedures set forth in §§ 3084.1-3084.8 of Title 15 of the California Code of Regulations.  In California, inmates "may appeal any policy, decision, action, condition, or omission by the department or its staff that the inmate . . . can demonstrate as having a material adverse effect upon his or her health, safety, or welfare." Cal. Code Regs. tit. 15, § 3084.1(a). These regulations require the prisoner to proceed through three levels of appeal.  See Cal. Code Regs. tit. 15, §§ 3084.1(b), 3084.2, 3084.7.  A decision at the third formal level, which is also referred to as the director's level, is not appealable and concludes a prisoner's departmental administrative remedy.  See id.  Departmental appeals coordinators may reject a prisoner's administrative appeal for a number of reasons, including untimeliness, filing excessive appeals, use of improper language, failure to attach supporting documents, and failure to follow proper procedures.  See Cal. Code Regs. tit. 15, §§ 3084.6(b).  If an appeal is rejected, the inmate is to be provided clear instructions how to cure the defects therein.  See Cal. Code Regs. tit. 15, §§ 3084.5(b), 3084.6(a).  Group appeals are permitted on the proper form with each inmate clearly identified, and signed by each member of the group.  See Cal. Code Regs. tit 15, § 3084.2(h). Currently, California regulations do not contain any provision specifying who must be named in the grievance.

4

1         In this case, defendants begin with the Ninth Circuit's remand in which the court
2  stated that plaintiff's claim is based on the alleged implementation of a "policy that resulted in
3  the denial of his constitutional rights." They then argue that plaintiff never raised this particular
4  claim in his inmate grievances. According to defendants' evidence, the only inmate grievance
5  plaintiff filed concerning his contraction of Valley Fever was appeal no. PVSP-08-01095.
6  Defendants' evidence further reflects that, in that appeal, plaintiff did not complain about the
7  implementation of policies. Rather, he stated:

> I have a grievance with being transferred to Pleasant Valley State Prison (December 22, 2005) after numerous reported cases of Valley Fever infecting inmates and staff here at P.V.S.P. Now I have contracted this infection. I have one of the worst cases of Valley Fever (cocci-meningitis).

11  For relief, plaintiff requested:

> I wish to be transferred out of this region. Also that I be monetarily [sic] compensated for pain, suffering, and all medical costs – including medications – upon, or after, my release from prison.

14  After his appeal was denied at the informal level, plaintiff requested:

> I still wish to be transferred out of this region. Also, that I be monetarily [sic] compensated for pain, suffering, and all medical costs – including medications – upon, or after, my release from prison.

17  Plaintiff repeated this request for relief through the ascending levels of administrative review.

18         On this record, the court agrees with defendants that plaintiff has not exhausted
19  his claim, as that claim has been defined by the Ninth Circuit. Specifically, a review of the
20  relevant grievance reveals that plaintiff never complained about the implementation of defective
21  policies. Rather, he complained about having contracted Valley Fever and requested a transfer to
22  another prison and monetary compensation. In his opposition, plaintiff concedes that his
23  grievance did not mention allegedly defective policies, but argues that this defect should be
24  excused in light of the court's obligation to construe pro se pleadings liberally. The failure to
25  specify the basis of his grievance, however, is not a question of poor pleading practices which
26  can be corrected at this stage of the proceedings. Rather, it is a question of whether the grievance

adequately put defendants on notice of the alleged basis of liability such that corrective action could be considered prior to the filing of a lawsuit.  Because plaintiff's grievance failed to do so, he did not adequately exhaust administrative remedies.

The court finds that plaintiff failed to exhaust his administrative remedies as to the claim raised in this lawsuit and, for this reason, the case should be dismissed in its entirety.[1]

### IV.  CONCLUSION

Based on the foregoing, the undersigned recommends that defendants' motion to dismiss be granted and that this action be dismissed without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 19, 2012

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE

---

[1] It is not necessary to address plaintiff's request, contained in a motion for leave to amend, that defendant Kate be voluntarily dismissed.